UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFERY A. WOODS, | ) | CASE NO. 4:05 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| LT. GANT, et al., | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

   On November 29, 2005, plaintiff <u>pro se</u> Jeffery A. Woods, an inmate at the Trumbull Correctional Institution, filed this 42 U.S.C. § 1983 action against Lt. Gant, Robbyn Ware, K. Frederick, Mrs. Davis, Lt. R. Pratt, John Does 1-6 and Cheryll Jorgensen-Martinez.[1]  An "amended complaint" was filed on the same day, and appears to supplement the "complaint."  The court therefore construes these documents together as "the complaint."  For the reasons stated below, this action is dismissed.

   The complaint alleges that on two occasions plaintiff received "legal documentation" from inmates located in other institutions, but defendants rejected the mail as nuisance

---

[1] Although the complaint names additional plaintiffs, only Woods signed the complaint.

contraband. On another occasion, legal documents received by plaintiff from an approved visitor were rejected as nuisance contraband. It is further alleged that plaintiff did not receive "state boots" despite his requests for them. Additionally, plaintiff was denied access to the restroom during "count time," and one of the defendant's used abusive language against plaintiff in connection with this incident. Plaintiff was found guilty of creating a disturbance.

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v.

2

Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).[2]

Plaintiff has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances and includes only vague, general statements of exhaustion in his pleadings which are not sufficient to satisfy the mandates of § 1997e. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Plaintiff has not satisfied that burden.

The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may

---

[2] See also, Lyons-Bey v. Curtis, No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); Fuller v. Calvin, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); Vandiver v. Martin, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Plaintiff has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Peter C. Economus - 2/14/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE